UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JERRY SANTEE (#82967)

VERSUS                                              CIVIL ACTION

SETH SMITH                                          NUMBER 14-738-JJB-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 2, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JERRY SANTEE (#82967)

VERSUS                                    CIVIL ACTION

SETH SMITH                                NUMBER 14-738-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Seth Smith. Plaintiff alleged that he has been subjected to an electrical device which reads his thoughts and dreams, feels what he feels, and prison officials broadcast the names of his relatives throughout the prison to torment him. Plaintiff asserted that such equipment should only be used by federal agencies and law enforcement officers. Plaintiff further alleged that he was denied due process at a disciplinary board hearing in violation of his constitutional rights.

**I. Applicable Law and Analysis**

**A. Frivolous Standard**

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. Factually Frivolous**

Plaintiff alleged that for approximately two years prison officials have terrorized him and disrupted his sleep by broadcasting the names of his relatives throughout the prison. Plaintiff alleged that he was implanted with a device that allows prison officials to know what he thinks, dreams and says, no matter where he is located.

Plaintiff's allegations regarding an implant and the broadcasting of his thoughts and dreams are clearly fanciful, fantastic, and delusional and should be dismissed as frivolous.

**C. Due Process**

Plaintiff alleged that he was denied due process at a disciplinary board hearing. Specifically, the plaintiff alleged

2

that he was issued a disciplinary report for possession of contraband, a Rule 1 violation. Plaintiff alleged that when he appeared before the disciplinary board hearing, he was represented by inmate counsel substitute who moved to dismiss the rule violation. Plaintiff alleged that Maj. Penion, the disciplinary board chairman, failed to rule on the motion to dismiss and deferred the matter for an investigation.

Plaintiff alleged that following an investigation he was once again brought before the disciplinary board which was chaired by Col. Brock. Plaintiff alleged that Col. Brock modified the disciplinary report by changing the charge to a Rule 30C violation. Plaintiff alleged that the matter was once again deferred for investigation on the Rule 30C disciplinary violation. Plaintiff alleged that his motion to dismiss was not ruled on.

Plaintiff alleged that following an investigation into the Rule 30C disciplinary violation, he was once again brought before the disciplinary board which was chaired by Maj. Robertson. Plaintiff alleged that he was found guilty of the disciplinary infraction.

Plaintiff alleged that he appealed the decision of the disciplinary board and the matter was remanded by Dy. Warden T. Delaney. Plaintiff alleged that on remand Maj. Grimes read the plaintiff's alleged confession into the record. Plaintiff alleged that he was once again found guilty and was sentenced to 90 days in

a working cell block.

Plaintiff alleged that he appealed the decision of the disciplinary board to the Secretary of Corrections. Plaintiff alleged that the appeal was denied.

Plaintiff argued that he was denied due process at the disciplinary board hearing because his motion to dismiss was not ruled on before proceeding to the merits of the disciplinary charges.

In *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293 (1995), the Supreme Court held that the Due Process Clause itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). The Court further held that only those restrictions which impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life" will invoke the prospect of state-created liberty interests. While *Sandin* made it clear that punishments which impact upon the duration of confinement,[1] or which exceed the sentence in an unexpected manner,[2] may give rise to protection by the Due Process Clause, more routine disciplinary action will not invoke this

---

[1] *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974); *Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415 (1987).

[2] *See, e.g., Vitek v. Jones*, 445 U.S. 480, 493, 100 S.Ct. 1254, 1263-64 (1980) (transfer to mental hospital); *Washington v. Harper*, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 1036-1037 (1990) (involuntary administration of psychotropic drugs).

constitutional protection. Thus, the plaintiff's sentence to a working cell block did not infringe upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment.

**D. Access to Courts**

Plaintiff alleged that he was denied access to the courts. Specifically, the plaintiff alleged that he filed a disciplinary board appeal and an Administrative Remedy Procedure which have not yet been decided. Plaintiff alleged that the Secretary of the Louisiana Department of Public Safety and Corrections had 30 days in which to decide his appeal of the disciplinary board decision.

First, the Administrative Remedy Procedure, including the disciplinary appeal process, does not itself establish any federal right. It is a mechanism for resolving disputes at the institutional level.

Second, a substantive right of access to the courts has long been recognized. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977). Access to the courts is protected by the First Amendment right to petition for redress of grievances. *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979). That right has also been found in the Fourteenth Amendment guarantees of procedural and substantive due process. *Ryland v. Shapiro*, 708 F.2d 967, 971-75, (5th Cir. 1983).

5

In its most obvious and formal manifestation, the right protects one's physical access to the courts. Thus, for example, prison officials cannot refuse to transmit, or otherwise block, through procedural devices, the transmission of legal documents which prisoners wish to send to the courts. Nor can they take other actions--such as taking or destroying legal papers--that have a similar effect. *Crowder v. Sinyard*, 884 F.2d 804 (5th Cir. 1989), *cert. denied*, 496 U.S. 924, 110 S.Ct. 2617 (1990). Some showing of detriment caused by the challenged conduct must be made in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987).

Plaintiff did not allege any facts that the defendant interfered with the plaintiff's access to the courts.

**E. Respondeat Superior**

Plaintiff named Warden Seth Smith as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff's allegation that Warden Smith is responsible for the actions of his subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

**RECOMMENDATION**

It is the recommendation of the magistrate judge that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), unless within 14 days from when the district judge acts on this report, the plaintiff files an amended complaint which alleges specific facts as to each defendant that are sufficient to state a claim upon which relief may be granted. It is further recommended that, if the complaint is dismissed, the court decline to exercise supplemental jurisdiction over any state law claims the plaintiff may have alleged.

Baton Rouge, Louisiana, December 2, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE